**SUN–DROP BOTTLING COMPANY, INCORPORATED, Plaintiff,**

and

**Royal Crown Bottling Company—Charlotte, N.C., Pee Dee Bottling Co., Inc. and Sun-Drop Bottling Company, Inc., Intervenor Plaintiffs,**

v.

**COCA–COLA BOTTLING CO. CONSOLIDATED, Defendant.**

**No. C–C–84–513–M.**

United States District Court, W.D. North Carolina, Charlotte Division.

March 22, 1985.

John J. Barnhardt, III, and Ronald T. Lindsay, Bell, Seltzer, Park & Gibson, Charlotte, N.C., Charles D. Gray, III, Gastonia, N.C., Everett J. Bowman, Robinson, Bradshaw & Hinson, Charlotte, N.C., for plaintiff.

Norvin K. Dickerson, III, Helms, Mulliss & Johnston, Charlotte, N.C., for defendant.

## ORDER DENYING PRELIMINARY INJUNCTION

McMILLAN, District Judge.

Plaintiff Sun-Drop Bottling Company, Incorporated ("Sun-Drop") moved for a preliminary injunction against certain promotional and marketing practices of defendant Coca-Cola Bottling Co. Consolidated ("Coca-Cola") which it claims violate federal and state anti-trust laws. The motion was heard on January 31, 1985.

■ In considering whether a preliminary injunction should issue, the court must consider and balance the following factors:

1. Plaintiff's likelihood of success on the merits.

2. The probability that plaintiff will suffer irreparable harm if interim relief is denied.

3. The likelihood of harm to defendant if an injunction is issued.

4. The public interest.

■ The two most important factors to consider are the probability that plaintiff will suffer irreparable harm if an injunction does not issue and the likelihood of harm to defendant if an injunction does issue. If the balance of probable harm is likely to weigh more heavily on the plaintiff, the preliminary injunction should issue if "a grave and serious question is presented" on the merits. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 196 (4th Cir.1977). If the balance of probable harm is likely to be equal, or weighs more heavily on the defendant, plaintiff must show a "likelihood of success on the merits" of his claims; even if "likelihood of success" on the merits is demon-

strated, it is merely one "strong factor" to be weighed alongside the public interest and likely harm to defendant if an injunction issues. *Wetzel v. Edwards*, 635 F.2d 283, 291 (4th Cir.1980).

At the hearing, it appeared obvious to the court that certain of Coca-Cola's 1984 "letters of agreement" with convenience stores revealed *per se* violations of the anti-trust laws in the form of vertical price-fixing. Those agreements, by which the convenience stores agreed to grant certain exclusive promotional rights to defendant's products in exchange for cash or other incentives, uniformly contained the following language: "Our brands must be the exclusive soft drinks with a reduced retail." Defendant asserts, however, and documents produced for the court show, that the admittedly illegal provision has been removed from *1985* promotional "agreements" between defendant and the convenience stores.

■ Plaintiff asserts that, despite the 1985 changes in the "agreements," a preliminary injunction should be granted as to the price-fixing violations in order to prevent defendant's return to its former illegal practice and to purge the effects of that practice. The court finds that, at this time, entry of such a preliminary injunction would be inappropriate. The illegal provisions have been removed from the 1985 agreements, and the court, for now at least, takes defendant at its word that they will not be reinstituted. The carry-over effects of the earlier illegal provisions on plaintiff's current marketing and financial status have not been developed sufficiently to warrant issuance of a preliminary injunction on that basis.

The above finding does not foreclose entry of an injunction against such practices, either by later order should further violations be brought to the court's attention, or as part of any final judgment to accompany whatever damages remedy may be found appropriate to compensate plaintiff for defendant's violation of the anti-trust laws. Until further showing of continuing *per se* violations, however, the motion for prelimi-

nary injunction as to price-fixing will be denied.

Plaintiff also moves the court to enjoin various other practices by defendant which plaintiff alleges violate the anti-trust laws. Those practices include entering into agreements with merchants which reduce access to available space and advertising by competitors by (a) excluding competitors from in-store displays, maintenance of competitive cold drink dispensers and featured newspaper advertising, (b) forcing stores to carry a full line of defendant's available products and (c) setting quotas for minimum cold inventory and shelf space to be allotted to defendant.

■ Analysis of plaintiff's claims other than those of vertical price-fixing falls under the "rule of reason" test under which the restraints in question must be examined by "analyzing the facts peculiar to the business, the history of the restraint, and the reasons why it was imposed." *National Society of Professional Engineers v. United States*, 435 U.S. 679, 692, 98 S.Ct. 1355, 1365, 55 L.Ed.2d 637 (1978). The determination to be made is whether the practices in question promote competition or suppress competition. *Id.* at 691, 98 S.Ct. at 1365.

■ Although plaintiff has brought forward evidence of practices by defendant that appear to suppress competition, plaintiff has not made a sufficient showing of probability of suffering irreparable harm to outweigh the likelihood of harm to defendant and to warrant issuance of a preliminary injunction. At this time, the balance of hardship falls evenly between the parties.

Though plaintiff has shown monetary losses over the past year, it has not yet shown a connection between those losses and defendant's practices sufficient to warrant the issuance of a preliminary injunction. Plaintiff itself alleges that its harm is due to the combined effects of the practices of Coca-Cola and Pepsi-Cola, not a

defendant to this suit. Furthermore, Coca-Cola may face hardship if it alone is restrained from what may be fairly common industry practices not found (so far) to violate the anti-trust laws.

■ The balance of hardships is not in plaintiff's favor. Furthermore, plaintiff has not yet shown a probability of success on the merits. Defendant appears to have engaged in a course of conduct of entering into agreements with both convenience and grocery stores that has had both the intent and the effect of restraining competition by the plaintiff. However, while the necessity of the "rule of reason" inquiry does not preclude the issuance of a preliminary injunction in proper cases, the relevancy of proof of the factors of the particular market, the history of the restraint and the intent of the party imposing the alleged restraint makes it difficult to decide likelihood of success on liability until the facts are fully examined. Upon review of the record, the court finds that plaintiff has not, at this time, shown a likelihood of success on the merits of its non-vertical-price-fixing claims.

■ The public has an interest in preventing and punishing such violations of the anti-trust laws as restrictive market practices and price-fixing. However, this must be balanced against the public interest in non-interference with legitimate market activities. These factors are balanced at this time.

Therefore, while not modifying its initial impression that defendant has acted in an unlawful way that has resulted in competitive loss to plaintiff, the court will not, at this time, act to enjoin those practices preliminarily.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for preliminary injunction is DENIED.

2. The court intends to try this case as soon as possible. All parties will take due notice.